IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| THE ESTATE OF LARRY EUGENE PRICE JR., by and through its Special Administrator, Rodney Price | | PLAINTIFF |
| VS. | NO. 2:23-cv-02008-PKH | |
| TURN KEY HEALTH CLINICS, LLC an Oklahoma Corporation; SEBASTIAN COUNTY, ARKANSAS; JAWAUN LEWIS, DO; CHRISTEENA FERGUSON; and J. DOES 1-20 | | DEFENDANTS |

## ANSWER

Comes now the Separate County Defendant, Sebastian County, Arkansas (referred to collectively herein as the Separate County Defendant), and for its Answer to the Plaintiff's Complaint (Doc. # 2), do state the following:

1. The Separate County Defendant affirmatively pleads that the Plaintiff's decedent was arrested on or about August 19, 2020 by officers of the Fort Smith Police Department, that he remained incarcerated until August 29, 2021, when he died, and that the constitution and laws of Arkansas and of the United States, the official and authentic records of the arrest of the Plaintiff's decedent and all criminal charges and/or court proceedings involving the Plaintiff and/or his decedent, the official and authentic records of the decedent's medical care and incarcerations, the official and authentic records of the investigation(s) into Larry Price's death and his autopsy (the Separate County Defendant is not a natural person and has no personal knowledge about the substance of any of the records and therefore denies the same, reserving the right to take factual posititons following discvoery in this case), the official and authentic protocols, policies, and procedures of Turn Key Health and Sebastian County, all inspection reports of the Sebastian County jail, and the allegations in the Plaintiff's Complaint speak for themselves (the Separate County Defendant denies the allegations in the Plaintiff's Complaint, as set forth herein), that Turn Key Health Clinics, LLC, is a correctional healthcare company hired by Sebastian County (by contract)

to provide medical services in the county jail, that Sebastian County is a political subdivision of the State of Arkansas, and that Dr. Jawaun Lewis and Christeena Ferguson are (and/or were, in 2020-201) medical professionals employed by Turnkey, but denies, as pleaded, the remainder of the allegations, and any contrary allegations, including but not limited to the Plaintiff's characterizations and mischaracterizations of the facts in his allegations, in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, and 89 of Plaintiff's Complaint.

2. The Separate County Defendant respectfully demands a trial by jury of twelve (12) persons on all genuine issues of material fact and join in the Plaintiff's demand for the same, as set out in paragraph 90 of the Plaintiff's Complaint.

3. The Separate County Defendant denies the Plaintiff's entitlement to any relief and specifically and expressly denies the Plaintiff's entitlement to the allegations and relief requested in the unnumbered "Wherefore clause" of the Plaintiff's Complaint.

4. The Separate County Defendant specifically and expressly denies each and every allegation of Plaintiff's Complaint not specifically and expressly admitted herein.

5. The Separate County Defendant asserts and reserves the right to file an Amended Answer or other responsive pleading(s) and/or to assert additional affirmative and other defenses after they have had a chance to investigate the claims and allegations in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

6. The Separate County Defendant asserts the following affirmative defenses:

    A. Punitive damages immunity, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981);

    B. Qualified immunity is affirmatively pleaded by all Defendants under state and federal law, but only as and to the extent that Defendants are sued in their

|   |   |
|---|---|
|   | individual capacities; |
| C. | Tort immunity and statutory tort immunity, which bar medical negligence, wrongful death, and all other tort claims, *see* Ark. Code Ann. §21-9-301; |
| D. | As applicable, the Defendants have no applicable liability insurance, *see* Ark. Code Ann. §21-9-301; |
| E. | Sovereign immunity; |
| F. | Acquired Immunity Doctrine; |
| G. | Statutory vicarious liability/respondeat superior immunity, *see* Ark. Code Ann. §21-9-301; |
| H. | The Defendants are not proper parties to a tort action in any event, *see* Ark. Code Ann. § 23-79-210; |
| I. | Justification; |
| J. | Mootness, as applicable; |
| K. | Waiver/Estoppel/Laches; |
| L. | Common Defense Doctrine; |
| M. | No standing, as applicable, |
| N. | Comparative fault and/or contributory negligence, as applicable; |
| O. | No proof of causation by any acts or omission of the Defendants; |
| P. | Failure of service, defect in service, and failure of timely service, as applicable; |
| Q. | No subject matter jurisdiction of wrongful death claim, negligence, and/or other tort claims; |
| R. | The Defendants avail themselves of all applicable defenses under Rule 8(c) and 12 of the Federal Rules of Civil Procedure; |
| S. | The Plaintiff has failed to state a claim upon which relief can be granted; |
| T. | The Defendants avail themselves of all statute of limitations defenses |

|   |   |
|---|---|
|   | applicable to this claim, including, but not limited to Ark. Code Ann. 16-56-101, *et seq.*; |
| U. | The Defendants reserve and preserve the right to assert any available counterclaims and/or third-party claims under Fed. R. Civ. Proc. 13 & 14; |
| V. | While denying that the Defendants are guilty of, and/or liable for, any negligence which caused or contributed to cause injuries to the plaintiff, the Defendants pray for an apportionment of fault among joint tortfeasors pursuant to the Uniform Contribution Among Joint Tortfeasors Act, as enacted in the State of Arkansas.  A.C.A. § 16-61-201 et seq.; |
| W. | While denying the Defendants are responsible for any damages, Defendants state that plaintiff suffered from conditions which predated any events alleged in the Complaint for which this  defendant is not responsible; |
| X. | The Defendants affirmatively plead that, while denying that the Defendant are/were guilty of, and/or liable for, any fault which caused or contributed to cause the damages in question, the Defendants state that any fault, cause, or injury to plaintiff was the fault of the plaintiff, which is pled in bar and diminution of any recoveries sought under the principles of comparative fault in Arkansas law; |
| Y. | While denying that this defendant was guilty of fault in this matter, this defendant states that if the jury were to determine that there was fault and/or negligence on the part of this defendant, that following such, an intervening and/or superseding cause occurred which caused injuries to the plaintiff herein over which this defendant had no control, which is pled in defense herein; |
| Z. | The Defendants affirmatively plead all relevant and/or governing case, constitutional, and/or statutory law; |
| AA. | The Defendants affirmatively plead and assert that any claim for punitive |

        damages is pre-empted by the federal statutory and regulatory scheme;

BB.    The Defendant affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award;

CC.    The Defendants affirmatively plead that Plaintiff's claim for punitive damages against the Defendants is barred, in whole or in part, because an award of punitive damages would violate the this defendant's due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, & 8 of the Arkansas Constitution;

DD.    The Defendants affirmatively plead that plaintiff's claim for punitive damages cannot be sustained because the standards for determining liability for and the amount of punitive damages fail to gives the Defendant prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of these this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution;

EE.    The Defendants affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because Arkansas law fails to establish necessary constitutional procedures to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties in violation of this defendant's due process rights guaranteed by the Fifth and Fourteenth

        Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution. *See Philip Morris USA v. Williams,* 549 U.S. 346 (2007);

FF.    The Defendants affirmatively assert that Plaintiff's claims for punitive damages against this defendant cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution;

GG.    The Defendants affirmatively plead that Plaintiff's claims for punitive damages against this defendant cannot be sustained, because an award of punitive damages under Arkansas law which allows plaintiff to prejudicially emphasize the public entity and/or corporate or professional status of the Defendants violates the Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas;

HH.    The defendant affirmatively asserts that plaintiff's claim for punitive damages against this defendant cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

II.     The Defendants affirmatively assert that Plaintiff's claim for punitive damages cannot be sustained by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of this defendant, (4) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties, (5) is not provided constitutionally adequate procedures to protect against the risk of an award of punitive damages that seeks to punish a defendant for having caused injury to others, (6) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (7) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (7) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards.  This would violate this defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy

    of Arkansas;

JJ. The Defendants affirmatively assert that plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages made under a process which fails to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, to punish this defendant for having caused injury to non-parties would violate the this defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas. *See Philip Morris USA v. Williams,* 549 U.S. 346 (2007);

WHEREFORE, the Defendants respectfully request that Plaintiff's Complaint be dismissed. and for any and all other just and proper relief to which they are entitled.

    Respectfully submitted,

    Sebastian County, Arkansas
    *Separate Defendant*

    Jason E. Owens
    Ark. Bar. No. 2003003
    JASON OWENS LAW FIRM, P.A.
    **Mailing Address:** P.O. Box 850
    Conway, Arkansas 72033-0850
    **Physical Address:** 1312 W. Oak Street
    Conway, Arkansas 72034
    Telephone (501) 764-4334
    Telefax (501) 764-9173
    Email: owens@jowenslawfirm.com