UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| THE ESTATE OF LARRY EUGENE PRICE JR, by and through its Special Administrator, Rodney Price,<br><br>PLAINTIFF,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, LLC, an Oklahoma corporation; SEBASTIAN COUNTY, ARKANSAS; JAWAUN LEWIS, DO; CHRISTEENA FERGUSON; and J. DOES 1-20,<br><br>DEFENDANTS. | No. 2:23-cv-02008 PKH |

## RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, counsel for all parties participated in a discovery conference on March 8, 2023. The parties jointly submit this report of their conference.

1. **Should any changes be made in the timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a)?**

   The parties agree no changes are needed in the timing, form, or requirements of mandatory disclosures under Rule 26(a).

2. **Date when mandatory disclosures will be made.**

   The parties will serve mandatory disclosures by April 7, 2023.

3. **The subjects on which discovery may be needed.**

   The parties will conduct discovery on all subjects raised in Plaintiff's complaint and Defendants' answers.

1

**3(a).     Should discovery be conducted in phases or be limited to or focused on certain issues?**

The parties agree there is no need to conduct discovery in phases or limit it to certain issues.

**4.   Will any party be requested to disclose or produce information from electronic or computer-based media?**

Yes.

**(a) Will disclosure or production be limited to data reasonably available to the parties in the ordinary course of business?**

Yes

**(b) What is the anticipated scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business?**

N/A

**(c) What format, media, and procedure will be used for the production of such data?**

Electronic data will be produced on external drives (e.g., thumb drives, external hard drives) or by Cloud access (e.g., Dropbox, ShareFile), in their native format and/or in a format that they are readily usable, whichever is most feasible (e.g., electronic health records will be produced in PDF format). E-mails will be produced in .pst files and/or PDF, and in a format with text recognition that is easily searchable.

**(d) Have reasonable measures been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise?**

Counsel affirm that the parties are taking reasonable measures to preserve potentially discoverable data from alteration or destruction.

**(e) What other problems do the parties anticipate may arise in connection with electronic or computer-based discovery?**

The parties do not anticipate other problems arising in connection with electronic or computer-based discovery.

5. **Do the parties need any changes to the limitations imposed by the Federal Rules of Civil Procedure?**

   Given the number of potential witnesses involved in this matter, the parties agree that each party may take up to 15 depositions. Additional depositions, if needed, will require a stipulation by all parties or permission from the Court.

   The parties agree that the standard limit of 25 interrogatories under Fed. R. Civ. P. 33 should be increased to 30.

6. **Should any orders (e.g., protective orders) be entered?**

   Defendants anticipate the need for a protective order pertaining to certain materials produced in discovery. The parties will work together to agree on the terms of an appropriate protective order. If the parties are unable to reach agreement, they will seek assistance from the Court.

   The parties request a scheduling order under Fed. R. Civ. P. 16(b). Plaintiff and Defendants have different positions with regard to expert disclosures under Fed. R. Civ. P. 26(a)(2):

   > Plaintiff requests that the Court set a single deadline for all parties to disclose the experts they may call in their cases-in-chief (*see* Fed. R. Civ. P. 26(a)(2)(A)), and a second deadline 30 days later for all parties to disclose possible rebuttal experts (*see* Fed. R. Civ. P. 26(a)(2)(D)(ii)).

   > Defendants request that the Court set a staggered deadline for expert disclosures, with Defendants' expert disclosures due 14 days after Plaintiff's expert disclosure deadline, and a subsequent deadline 30 days later for all parties to disclose rebuttal experts.

7. **Are there any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action?**

   No objections.

8. **Are there any objections to the proposed trial date?**

   The parties propose that trial be scheduled for May or June 2024.

9. **Proposed deadline for joining other parties and amending the pleadings.**

   The parties propose a deadline of 180 days before trial to join parties or amend pleadings.

10. **Proposed deadline for completing discovery.**

    The parties propose a deadline of 120 days before trial to complete all discovery.

**11. Proposed deadline for filing motions other than motions for class certification.**

The parties propose a deadline of 120 days before trial to file dispositive motions.

**12. Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.**

N/A

**13. Do the parties anticipate any issues about claims of privilege or of protection as trial preparation materials? If the parties agree to a procedure to assert these claims after production, do they want the Court to include their agreement in an order under Federal Rule of Evidence 502?**

No.

DATED this 22nd day of March, 2023.

| | |
|---|---|
| BUDGE & HEIPT, PLLC<br>808 E. Roy St.<br>Seattle, WA 98102<br>(206) 624-3060 | SWEET DEWBERRY HUBBARD, PLC<br>24 W. Park Place<br>Oklahoma City, OK 73103<br>(405) 601-9400 |
| s/ *Hank Balson*<br>Erik J. Heipt erik@budgeandheipt.com<br>Hank Balson hank@budgeandheipt.com<br>Edwin S. Budge ed@budgeandheipt.com<br>*Attorneys for Plaintiff* | s/ *Alexandra G. Ah Loy*<br>Alexandra G. Ah Loy allie@sdh.law<br>*Attorneys for Defendants Turn Key Health Clinics, LLC; Jawaun Lewis, DO; and Christeena Ferguson* |

JASON OWENS LAW FIRM, P.A.
P.O. Box 850
Conway, AR 72033-0850
(501) 764-4334

s/ *Jason Owens*
Jason Owens owens@jowenslawfirm.com
*Attorneys for Defendant Sebastian County, Arkansas*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date stated below this document was filed with the Clerk of the Court for the United States District Court for the Western District of Arkansas via the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Alexandra G. Ah Loy allie@sdh.law | Jason Owens owens@jowenslawfirm.com |
| *Attorney for Defendants Turn Key Health Clinics, LLC; Jawaun Lewis, DO; and Christeena Ferguson* | *Attorney for Defendant Sebastian County, Arkansas* |

Dated this 22nd day of March, 2023.

                                                 s/ *Hank Balson*
                                                Hank Balson