IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THE ESTATE OF LARRY EUGENE
PRICE, JR., by and through its Special
Administrator, Rodney Price                                                    PLAINTIFF

V.                                          CASE NO. 2:23-CV-2008

TURN KEY HEALTH CLINICS, LLC, an
Oklahoma corporations; SEBASTIAN COUNTY,
ARKANSAS; JAWAUN LEWIS, DO;
CHRISTEENA FERGUSON; and J. Does 1-20                          DEFENDANTS

## AMENDED FINAL SCHEDULING ORDER

IT IS HEREBY ORDERED:

**1.    TRIAL DATE**

This case is scheduled for **JURY TRIAL** in **FORT SMITH, ARKANSAS**, at the call of the Court

during the week of **September 9, 2024, beginning at 9:00 a.m.**  Counsel are directed to report to **the third-floor**

**Courtroom (Room 310)** at **9:00 a.m.** on the date of trial unless otherwise notified.

**2.    DISCOVERY**

ALL discovery must be completed no later than **June 11, 2024.**  The parties may conduct discovery

beyond this date if all parties are in agreement to do so; however, the Court will not resolve any disputes in the

course of this extended discovery.  All discovery requests and motions must be filed sufficiently in advance of

that date to allow for a timely response.  Witnesses and exhibits not identified in response to appropriate

discovery may not be used at trial except in extraordinary circumstances.

PLEASE BE ADVISED:  A discovery motion must not be filed until counsel has made a good faith effort

to resolve the discovery dispute.  A good faith effort means, at minimum, an in-person or telephone conversation

with opposing counsel (or opposing parties appearing *pro se*).

If the discovery dispute cannot be resolved with good faith effort, parties are encouraged, but not

required, to request a telephone conference with the Court to determine whether the dispute can be resolved

without motion practice. If no telephone conference is conducted, or if the parties cannot resolve the issue in conference with the Court, then a discovery motion may be filed.

If a discovery motion is filed without the benefit of a telephone conference with the Court, the motion should specifically set out what efforts were made to resolve the dispute without court intervention and/or why a conversation between the parties was not possible. A generic certification of conferral in good faith will not suffice. Any motion not properly setting forth a good faith effort may be denied on that basis alone. If a motion requires expedited consideration, that should be clearly requested in the motion.

If a discovery motion is filed without the benefit of a telephone conference with the Court, an initial response to the motion should be filed within three (3) business days. The initial response should indicate the responding party's position as to: (1) whether the dispute can be promptly resolved without court intervention; (2) whether the responding party intends to comply with the moving party's request and, if so, the expected time frame for compliance; (3) whether the responding party intends to substantively contest the motion and, if so, the minimum amount of time requested (not to exceed seven [7] days) to file a full response, and (4) whether a hearing would be beneficial. If the matter is resolved after the filing of a motion, please inform the Court immediately.

3.     **EXPERT DISCLOSURE**

The parties must identify experts and provide the required written notice reports pursuant to Fed. R. Civ. P. 26(a)(2) by no later than **April 12, 2024.** The parties must identify any rebuttal experts and provide the required reports pursuant to Fed. R. Civ. P. 26(a)(2) by **May 13, 2024.** Depositions of expert witnesses must be completed within the time allowed for discovery.

4.     **ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than **May 13, 2024.**

5.     **MOTIONS**

The page limitations set out in the Court's initial scheduling order continue to apply.

All motions, except motions in limine, must be filed on or before **June 25, 2024.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1. Briefs in support of motions or

responses are limited to 25 double-spaced pages in 12-point font.  Responses should be limited to addressing issues raised in the motion.

Motions in limine must be filed on or before **August 26, 2024,** and responses must be filed within seven (7) days after filing of such motion.  Each party is limited to filing only one (1) motion in limine not to exceed 15 pages.  All motions in limine must contain a statement that counsel has conferred with opposing counsel in good faith (see requirements for good-faith effort above) as to each request for relief.  As to each request, the moving party should state whether the opposing party is opposed to the Court granting the relief requested.

Motions submitted after the deadline may be denied solely on that ground.  Except for motions for summary judgment, leave of court must be obtained to file a reply in support of a motion.  A reply filed without leave of court may not be considered.  Any reply brief must be limited in length to no more than 7 double-spaced pages in 12-point font and must be limited in content to issues raised in a response by an opposing party.

PLEASE NOTE: Counsel are requested to pay careful attention to the statements of undisputed facts filed in support of any motion for summary judgment.  The Court requests that these statements contain numbered paragraphs, with each paragraph containing a discrete, clear, concise statement of *material* fact with citations to the record establishing the fact.  As to each numbered paragraph, the responding party should (1) agree with the stated fact, or (2) disagree in full or in part with the stated fact, citing to the record in support of the existence of a dispute.  Responding parties may list additional facts that they believe are material and in dispute.  If citing to a deposition, the complete condensed transcript of the full deposition should be attached as an exhibit.  Accommodating these requests will greatly assist the Court in clarifying existing issues, reviewing the record, and ruling on the motion.

6.     **PRETRIAL DISCLOSURE SHEET [FED. R. CIV. P. 26(a)(3)]**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 no later than **August 19, 2024**.  That witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

**7.      DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **August 19, 2024.** Counter-designations must be made by **August 26, 2024.** These designations need not be filed with the Court but should be exchanged by the parties. Objections to any deposition or videos that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **August 30, 2024,** with the response due **September 3, 2024.** Depositions to be read or played via video at trial must be marked as exhibits.

PLEASE BE ADVISED: These designations must be made for any and all depositions (whether video or written transcript), or any portion thereof, a party intends to introduce at trial. A failure of the proffering party to appropriately designate a deposition, pared down to pertinent, non-extraneous portions to be used at trial, will likely result in (1) a waiver of objections to the admission of any portion of a deposition that the proffering party has designated for admission and/or (2) exclusion of the deposition, or a portion thereof, from evidence. Likewise, a failure by any party to counter-designate any portion of a deposition will likely result in exclusion of the non-designated portion of a deposition from trial and waiver of any objection to such exclusion. Finally, failure by either party to make timely, proper objections to a designated deposition, or any portion thereof, will likely result in a waiver of any objection that might otherwise have been made.

**8.      JURY INSTRUCTIONS AND STATEMENT OF THE CASE**

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before **5:00 p.m. CT September 3, 2024.** Standard instructions from AMI, Eighth Circuit, or Federal Jury Practice and Instructions (5th Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction. NOTE: DO NOT include the standard opening and closing instructions. A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions may be submitted in WordPerfect or Word format electronically to *pkhinfo@arwd.uscourts.gov*.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire.

**9.      EXTENSIONS**

Any motion for extension of any deadline(s) must be in compliance with Fed. R. Civ. P. 6(b) and 16(b)(4).  Motions filed before expiration of a deadline must set forth good cause for an extension.  Motions filed after a deadline must be accompanied by a brief in support, pursuant to Local Rule 7.2, and must set forth excusable neglect warranting an extension.  Lack of diligence on the part of an attorney will not ordinarily constitute either good cause or excusable neglect.  The Court will not grant an extension, even if a motion is unopposed, without the requisite showing of good cause or excusable neglect. Motions for extension of time do not toll a deadline.  Counsel filing such motions close to or on the day of the deadline run the risk of the motion being denied.

Absent compelling circumstances, the Court will not grant a stay of this action or a continuance of the trial date or of any deadlines set forth in this order for the sole purpose of allowing the parties to pursue mediation or otherwise engage in settlement discussions.

**10.      INTRODUCTION OF EXHIBITS**

All exhibits must be listed on the attached form in numerical sequence.  Exhibits must be made available to all parties and reviewed by counsel prior to the trial date.  The lists must be submitted to the Courtroom at *pkhinfo@arwd.uscourts.gov* **by noon one (1) business day** before the beginning of trial.  Counsel are encouraged to stipulate to the admissibility of exhibits to which there is no objection.  Any such stipulations should be noted on the exhibit list provided to the Court.  The Court will admit stipulated exhibits into evidence at the beginning of trial, and the exhibits may be used at trial without further motion by counsel.

**11.      SETTLEMENT CONFERENCE**

Settlement conferences with the magistrate judge are not mandatory but are available at the parties' request. If the parties would like to request a settlement conference, they should contact the magistrate judge for the division in which the case is filed by **July 11, 2024,** so that a conference can be promptly scheduled.

**12.      CASE-MANAGEMENT CONFERENCE**

The parties may request an interim case-management conference at any time prior to the summary judgment deadline. Such conference may be useful in cases where the issues are capable of being refined either to narrow the issues for the Court to consider on summary judgment or to avoid summary judgment practice entirely, saving the parties time and resources that may be better expended preparing for trial or preparing a motion that succinctly addresses only the relevant issues. Requests for a conference should be sent by email to *pkhinfo@arwd.uscourts.gov*. The email should include an estimate of how long a conference might take and list any issues that the parties wish to address.

13. **COMMUNICATION WITH COURT ON TRIAL DATE OR SETTLEMENT**

Please communicate with the Courtroom Deputy set out below at *pkhinfo@arwd.uscourts.gov* or by calling 479-783-1466 to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise the Courtroom Deputy immediately at the email or phone number set out above. The case will not be removed from the trial docket until a Joint Motion to Dismiss or a Joint Stipulation of Dismissal are filed in the case, and an order of dismissal has been entered.

DATED: November 14, 2023

> AT THE DIRECTION OF THE COURT
> RONALD E. DOWLING, CLERK OF COURT
>
> By: */s/ Michelle McEntire*
> Courtroom Deputy

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**_____ DIVISION**

_____                    **PLAINTIFF(S)**

**V.**                            **CASE NO. _____**

_____                    **DEFENDANT(S)**

**WITNESS LIST FOR _____**
(Plaintiff/Defendant)

| Date | Witness Name | Via Deposition |
|------|--------------|----------------|
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |
|      |              |                |

| Date | Witness Name | Via Deposition |
|------|-------------|----------------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**_____ DIVISION**

_____  **PLAINTIFF(S)**

**V.**      **CASE NO. _____**

_____  **DEFENDANT(S)**

**EXHIBIT LIST FOR _____**
**(Plaintiff/Defendant)**

| Pltf. No. | Deft. No. | Date Offered | Object. | Stip. | Received | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

| Pltf. No. | Deft. No. | Date Offered | Object. | Stip. | Received | DESCRIPTION OF EXHIBITS |
|-----------|-----------|--------------|---------|-------|----------|-------------------------|
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |
|           |           |              |         |       |          |                         |