UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| THE ESTATE OF LARRY EUGENE PRICE JR, by and through its Special Administrator, Rodney Price,<br><br>PLAINTIFF,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, LLC, an Oklahoma corporation; SEBASTIAN COUNTY, ARKANSAS; JAWAUN LEWIS, DO; CHRISTEENA FERGUSON; and J. DOES 1-20,<br><br>DEFENDANTS. | No. 2:23-cv-02008 PKH |

**PLAINTIFF'S RESPONSE TO COURT'S CONCERN REGARDING SEALING OF CONFIDENTIAL INFORMATION**

Plaintiff submits this response to address the Court's concern regarding the sealing of confidential information, recently expressed in its Opinion and Order granting Plaintiff's motion to compel discovery. ECF No. 43.

In ruling on Plaintiff's discovery motion, the Court raised the following concern and instructed Plaintiff as follows:

> Throughout its response, Turn Key argues that the Estate's motion and declaration in support of its motion place confidential and PHI on the public docket. The Court is concerned that the Estate may have violated the protective order's provisions on sealing confidential information. However, the Estate's potential disclosure is not a reason to prevent discovery. Instead, any violation of the protective order can be addressed through a separate motion. *The Court cautions the Estate to carefully review the protective order. If the Estate has violated the sealing provisions, the Court expects the Estate to file a motion to seal any confidential information it has placed on the docket.*

ECF No. 43 at 3 (citation omitted; emphasis added).

1

Plaintiff carefully reviewed the Stipulated Protective Order (ECF No. 24) prior to filing its discovery motion and has done so again in response to the Court's concern. Plaintiff did not violate the protective order.

**1.      Documents Designated "Confidential"**

The protective order allows parties to designate material it produces in discovery as "Confidential" if the material contains "sensitive personal data (e.g., social security numbers, personal health information of a non-party, and home addresses), actual trade secrets, or other information that implicates statutory or common law privacy concerns." ECF No. 24, Sec. 1(b). Parties may not disclose materials designated "Confidential" except as allowed under the protective order. *Id.*, Sec. 3(b).

The order explicitly states that it does not authorize parties to file documents under seal—including those designated "Confidential." *Id.* ¶ 6. Instead, a party wishing to file a "Confidential" document under seal must file a motion for that purpose. *Id.* The burden of filing such a motion is on the party that designated the material as "Confidential." *Id.* If a party wants to file a document that *another* party designated "Confidential," it must give notice to the designating party of its intent to file the document, after which the designating/supplying party must state whether or not it intends to file a motion to require that the document be filed under seal. *Id.*

Plaintiff filed two documents in support of its motion to compel that Turn Key had previously designated "Confidential": (1) an orientation and training checklist for Turn Key healthcare staff (ECF No. 31, Ex. T), and (2) an Incident/Unusual Occurrent Report (*id.*, Ex. FF). Prior to filing these documents, Plaintiff's lawyer sent Turn Key's counsel written notice of Plaintiff's intent to file them, as required by the protective order. *See* ECF No. 41, Ex. F. Defense counsel responded that the orientation and training checklist and the unusual occurrence report

2

could be filed publicly. *Id*. Thus, even though the documents contain a "Confidential" designation, Plaintiff did not violate the protective order by filing them in the public docket because Turn Key—the designating party—granted Plaintiff permission to do so. Plaintiff did not file any other materials that were designated "Confidential."

**2.      Personal Health Information**

Plaintiff filed three documents that arguably contain personal health information pertaining to non-parties. Because these documents were not designated "Confidential," and because the information they contain is not particularly sensitive, Plaintiff did not move for permission to file them under seal. However, if the Court examines the documents and determines they should be refiled with redactions or under seal, Plaintiff will of course take the necessary steps to do so.

The first document is a Sebastian County Jail Release/Transfer Check Sheet pertaining to a non-party. *See* ECF No. 31, Ex. BB. The only information on this document that could possibly be considered health-related is a notation that the person named in the document is "deceased." This information is not private, as it is available to the public online on the County's website. *See* https://inmate.sebastiancountyar.gov/NewWorld.InmateInquiry/AR0660000/Inmate/Detail/-57010 (last visited on April 11, 2024).

The second document is an Intake Medical Questionnaire. *See* ECF No. 31, Ex. CC. The document does not name the person to whom it applies. However, Plaintiff's counsel noted in his declaration that it was produced by Sebastian County in a file containing records pertaining to a specific inmate. Plaintiff's counsel named that individual in the declaration. It is the same individual identified in the previous exhibit—the one who is deceased. Plaintiff did not seek permission to file this document under seal because it was not designated "Confidential," the patient is not identified on the face of the document, and the health information it contains is not

3

of a nature that most people would consider sensitive or private, particularly in the context of a person who is deceased.

The third document is an e-mail exchange between Morgan Matlock, Turn Key's former Health Services Administrator at the Sebastian County Jail, and employees of the Arkansas State Hospital. *See* ECF No. 31, Ex. DD. The e-mail pertains to a person the jail is holding who is waiting for a bed at the state hospital. It notes that the person is "frail," "has a BMI of 16," and has been "falling frequently." The patient's name is redacted in the document. However, the name is stated in counsel's declaration and in the discovery motion. Plaintiff did not use initials or a pseudonym in place of the person's name because the health information noted about him is not of a nature that most would consider particularly sensitive or private. Also, the fact that he was being held pending commitment to the Arkansas State Hospital is considered pubic information under Arkansas law. *See* Ark. Code Ann. § 20-47-214(a)(2) (civil commitment hearing "must be conducted in public").

## CONCLUSION

Plaintiff takes seriously its duty to comply with Court orders and charges that it has failed to do so. After carefully reviewing the terms of the protective order in this case and the materials that have been filed, Plaintiff cannot identify any way in which it violated that order. Turn Key appears to tacitly acknowledge the lack of such a violation by being unable or unwilling to identify one in response to Plaintiff's multiple requests. *See* ECF No. 41, Ex. G. Plaintiff did not seek permission to file any documents associated with its discovery motion under seal because it did not believe the materials met the standards for sealing. However, Plaintiff respects that the Court's judgment may differ and will of course comply with any instruction the Court issues.

Respectfully submitted this 15th day of April, 2024.

>BUDGE & HEIPT, PLLC
>808 E. Roy St.
>Seattle, WA 98102
>(206) 624-3060
>
>
> s/ Hank Balson
>Erik J. Heipt erik@budgeandheipt.com
>Hank Balson hank@budgeandheipt.com
>Edwin S. Budge ed@budgeandheipt.com
>*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the date stated below this document was filed with the Clerk of the Court for the United States District Court for the Western District of Arkansas via the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Alexandra G. Ah Loy
AllieAhLoy@hallboothsmith.com
Zachary Williams
zwilliams@hallboothsmith.com
Julie Hill
jhill@hallboothsmith.com
Jason B Hendren
jhendren@hallboothsmith.com
Dalton O. Huerkamp
dhuerkamp@hallboothsmith.com

*Attorneys for Defendants Turn Key Health Clinics, LLC; Jawaun Lewis, DO; and Christeena Ferguson*

Jason Owens owens@jowenslawfirm.com

*Attorney for Defendant Sebastian County, Arkansas*

Dated this 15th day of April, 2024.

                                               s/ Hank Balson
                                               Hank Balson